UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:11 CV 367

GAIL JEUNE,

        Plaintiff,

vs.

**RULE 26(f) REPORT**

ABSOLUTE COLLECTION SERVICES,

        Defendant.

1. Pursuant to Fed. R. Civ. P. 26(f) a meeting was held by the parties and was attended by Christopher Lane, counsel for Plaintiff and Sean Partrick, counsel for Defendant.

2. Initial Disclosures. The parties will complete the initial disclosures by September 1, 2011 required by Fed. R. Civ. P. 26(a)(1).

3. Discovery Plan. The parties propose to the Court this discovery plan:

   a. Discovery will be needed on the following subjects: relevant privilege information, testimony, documents going toward the allegations and claims advanced by Plaintiff and allegations, denials and affirmative defenses of the Defendant.

   b. All discovery commenced in time to be completed by June 15, 2012, with the exception of expert depositions. The parties may conduct for trial depositions of experts at any time through July 15, 2012.

   c. Maximum of 25 interrogatories by each Defendant to each Plaintiff.

   d. Maximum of 25 interrogatories by each Plaintiff to each Defendant.

   e. Maximum of 25 requests for admissions by each Defendant to each Plaintiff.

   f. Maximum of 25 requests for admissions by each Plaintiff to each Defendant.

   g. The number of discovery depositions will be limited to eight depositions for each party. The parties stipulate that depositions will be limited in

414-105

1

length to eight hours, with the exception of Rule 30(b)(6) depositions, for which the parties will not limit the number of hours. The parties that stipulate that depositions of any 30(b)(6) designee shall occur at the deponent corporation's place of business.

    h. Reports from retained experts under Rule 26(a)(2) along with a list of each expert's available dates for depositions are due during the discovery period: From Plaintiffs by February 1, 2012, from Defendant by March 15, 2012.

    i. The parties have discussed how to handle discovery of electronically stored information and continue to negotiate the format of that discovery and of any protective order needed, and will have an agreement in place with respect to such prior to the date by which responses to discovery requesting product of electronically stored information is due.

    j. Pursuant to F.R.C.P. Rule 35, the Defendant shall have until March 15, 2012 to make Requests to the Court for an Order for Physical or Mental Examination of the Plaintiff.

    k. Supplementations under Rule 26(e) are due during the discovery period from all parties in a timely manner upon learning that in some material respect a disclosure or response previously made is incomplete or incorrect.

4. Other items.

    a. The parties do not request a conference with the Court before the entry of a scheduling order.

    b. The parties request a pretrial conference in October 2012.

    c. The parties should be allowed until December 15, 2011 to move to join additional parties or amend Pleadings.

    d. All potentially dispositive motions should be filed by July 30, 2012.

    e. The parties have discussed settlement and may request that a Court Hosted Settlement Conference take place in this matter late in the discovery process.

    f. At least 30 days before the final pretrial conference, Plaintiff shall provided Defendants with the Plaintiff's final list of witnesses and exhibits under Rule 26(a)(3) and all Defendants shall exchange with all Plaintiffs the Defendants' final list of witnesses and exhibits unde Rule 26(a)(3).

g. Fifteen days before the pretrial conference, any party may designate and serve any objections to the disclosures.

h. The parties' Rule 26(a)(3) disclosures and objections shall be incorporated into the final pretrial order. The pretrial order shall be submitted to the court five days prior to the pretrial conference.

i. The case should be ready for trial by November, 2012 or no less than 90 days after any dispositive motion(s) have been filed, served and heard, whichever is later. The parties expect trial of this action to take approximately 3-4 days.

j. The parties have discussed special procedures for managing the case, including referral to a Magistrate Judge and do not consent to referral of the case to a Magistrate Judge.

Respectfully submitted this the 26th day of July, 2011

By:

**JAMES A. DAVIS & ASSOCIATES**

/s/ CHRISTOPHER D. LANE
North Carolina State Bar No.: 20302
Christopher D. Lane, Esq.
Email: cdllaw@juno.com
3333 Brookview Hills Blvd., Suite 206
Winston-Salem, NC 27103
Tel: (336) 766-0229; Fax (336) 766-9145

**YATES, MCLAMB & WEYHER, LLP**

/s/ SEAN T. PARTRICK
North Carolina State Bar No.: 25176
e-mail: spartrick@ymwlaw.com
*Attorneys for Defendants*
Post Office Box 2889
Raleigh, North Carolina 27602
Tel: 919-835-0900; Fax: 919-835-0910

414-105

3

Case 1:11-cv-00367-CCE-JEP   Document 9   Filed 07/26/11   Page 3 of 3